**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Heriberto GOMEZ–ARRELLANO,
Defendant–Appellant.**

**No. 92–2187.**

United States Court of Appeals,
Tenth Circuit.

Sept. 16, 1993.

Jerry A. Walz, Walz, Wallin & Associates, P.C., Albuquerque, NM, for defendant-appellant.

James Martin, Asst. U.S. Atty. (Don Svet, U.S. Atty. and Stephen R. Kotz, Asst. U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee.

Before LOGAN, TACHA and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Mr. Gomez–Arrellano pled guilty to reentry into the United States after deportation, 8 U.S.C. § 1326, possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), possession of marijuana, 21 U.S.C. § 844(a), and being an illegal alien in possession of a firearm, 18 U.S.C. §§ 922(g)(5) & 924(a)(2). The district court sentenced Mr. Gomez–Arrellano to a total of twenty-seven months. Mr. Gomez–Arrellano appeals the district court's imposition of a four-level increase under U.S.S.G. § 2K2.1(b)(5). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we remand for the district court to vacate the sentence on the offense of being an illegal alien in possession of a firearm and resentence.

*Background*

Investigation by the Immigration and Naturalization Service (INS) led to the issuance of an arrest for Mr. Gomez–Arrellano for reentering the country after deportation. While arresting Mr. Gomez–Arrellano at an Albuquerque residence, INS officers observed a green leafy substance in plain view and Mr. Gomez–Arrellano attempting to hide a plastic bag under a bed. A later search of the residence pursuant to a valid warrant led to the discovery of marijuana, cocaine, a .22 pistol, ammunition, and drug paraphernalia.

Mr. Gomez–Arrellano was charged with reentry after deportation, possession with intent to distribute cocaine, misdemeanor possession of marijuana, and possession or use of a firearm in connection with a narcotics offense. Mr. Gomez–Arrellano pled guilty to reentering the country after deportation, the cocaine and marijuana offenses, and a charge of being an illegal alien in possession of a firearm. In exchange for these guilty pleas, the government dismissed the charge of use of a firearm in connection with a narcotics offense. Mr. Gomez–Arrellano submitted a written denial that the handgun was possessed in connection with the drug offenses. The presentence report noted Mr. Gomez–Arrellano's denial, but concluded that the weapon was used in connection with the drug offenses. At sentencing, the district court adopted the findings of the presentence report and imposed a four level enhancement for being an illegal alien in possession of a firearm under U.S.S.G. § 2K2.1(b)(5) for use of a firearm in connection with another felony, the other felony being possession with intent to distribute cocaine. Mr. Gomez–Arrellano contends that the government failed to meet its burden of proof for the enhancement, that the enhancement does not apply to drug trafficking offenses, and that the imposition of the enhancement violated his due process rights. We review factual findings of the district court under the clearly erroneous standard, *United States v. Sullivan*, 967 F.2d 370, 376 (10th Cir.1992), and review de novo questions of law in applying the Guidelines. *United States v. Sanders*, 990 F.2d 582, 583 (10th Cir.1993).

*Discussion*

 .An enhancement under U.S.S.G. § 2K2.1(b)(5) is appropriate when:

> [T]he defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, . . . .

U.S.S.G. § 2K2.1(b)(5). We reject Mr. Gomez–Arrellano's claim that drug trafficking offenses cannot be the "other offenses" within the meaning of § 2K2.1(b)(5). Application Note 18 to § 2K2.1(b)(5) states: "As used in subsections (b)(5) and (c)(1), 'another felony offense' and 'another offense' refer to offenses other than explosives or firearms possession or trafficking offenses." We have previously held the enhancement applicable when the other offense is a drug trafficking crime, *see Sanders,* 990 F.2d at 585, and believe that "trafficking offenses" as used in Application Note 18 refers only to weapons trafficking offenses, and not to drug trafficking offenses.

 Mr. Gomez–Arrellano next claims that the government failed to prove a factual basis for the enhancement. Sentencing determinations of relevant conduct and offense characteristics must be supported by a preponderance of the evidence. *See United States v. Goddard,* 929 F.2d 546, 549 (10th Cir.1991). The facts contained in the presentence report, and the record before us on appeal, are insufficient to support the enhancement.

The government argues that § 2D1.1(b)(1) is analogous to § 2K2.1(b)(5), and that once the government showed that the gun was possessed in some physical proximity to the offense, Defendant could avoid the enhancement only by meeting the burden of demonstrating that it was clearly improbable that the weapon was connected with the offense. Examination of the language of the two guidelines provisions demonstrates that § 2K2.1(b)(5) requires different proof than § 2D1.1(b)(1).

We recently clarified the burden of proof for the § 2D1.1(b)(1) enhancement in *United States v. Roberts,* 980 F.2d 645 (10th Cir. 1992). Section 2D1.1(b)(1) provides: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Under § 2D1.1(b)(1), the government has the burden of proving merely that a weapon was present in some physical proximity to the offense. *Id.* at 647. Once this burden is met, the commentary to the Guidelines allows the defendant to demonstrate that it was "clearly improbable" that the gun was connected to the offense. *Id.*

The structure and plain language of § 2K2.1(b)(5) indicate that this enhancement requires proof of different elements than does the § 2D1.1(b)(1) enhancement. While § 2K2.1(b)(5) calls for an enhancement when a firearm or ammunition is possessed "in connection with" another felony offense, § 2D1.1(b)(1) calls for an enhancement merely when a dangerous weapon was "possessed" during commission of the offense. The government must support the "in connection with" element of the enhancement offense with a preponderance of the evidence. In contrast, the elements of the § 2D1.1(b)(1) enhancement do not require that the weapon be possessed in connection with the offense. The exception is included in the commentary to § 2D1.1(b)(1), and its wording indicates that the defendant.has the burden of proving that the weapon was clearly unconnected to the offense.

 18 U.S.C. § 924(c)(1) is more closely analogous to § 2K2.1(b)(5) than is § 2D1.1(b)(1). Although there are differences between § 2K2.1(b)(5) and 18 U.S.C. § 924(c)(1), § 924 still provides some guidance on the nexus between firearms possession and narcotics offenses. § 924(c)(1) creates a statutory offense for use of a firearm "during and in relation to" a drug trafficking offense or other crime of violence. The "in relation to" element is interpreted very expansively. *See Smith v. United States,* ——— U.S. ———, ——— – ———, 113 S.Ct. 2050, 2058–59, 124 L.Ed.2d 138 (1993); *United States v. Harmon,* 996 F.2d 256, 258 (1993). Under § 924(c)(1), this element is satisfied ·if the government shows that the weapon facilitates

or has the potential to facilitate the drug offense, but is not satisfied if the weapon's possession is coincidental or entirely unrelated to the offense. *Id.* —— U.S. at ——, 113 S.Ct. at 2059. A weapon's physical proximity to narcotics may be sufficient to provide the nexus required between the weapon and the drug charges. *United States v. Wright,* 932 F.2d 868, 881 (10th Cir.1991). No facts are presented in the presentence report which would support such an inference, however. The record does not address the physical proximity between the weapon and the drugs, nor is there any indication that drug transactions occurred inside the house, or any evidence regarding the size of the residence and its layout, all of which might help support the inference of a nexus between the weapon and narcotics activity. *See United States v. Theodoropoulos,* 866 F.2d 587, 596–98 (3rd Cir.1989) (loaded shotgun in plain view in apartment could form the basis for a conviction under § 924(c), but pistols in trash can on porch of apartment did not satisfy "in relation to" element); *United States v. Shackley,* 995 F.2d 166, 168–69 (9th Cir.1993) (§ 2K2.1(b)(5) enhancement supported by presentence report's inclusion of specific facts and differing accounts of incident). The court cannot accept the conclusions in the presentence report if they lack any factual underpinning. *See United States v. Padilla,* 947 F.2d 893, 896 (10th Cir.1991). Conclusions in the presentence report unsupported by facts do not constitute a preponderance of evidence.

The government contends that Mr. Gomez–Arrellano has waived any objection to the district court's finding that the weapon was possessed in connection with the drug offenses since he failed to object below. At sentencing, counsel for Mr. Gomez–Arrellano accepted the bulk of the facts contained in the presentence report, but specifically disputed that Mr. Gomez–Arrellano's possession of the firearm had any connection to the narcotics offenses. II R. at 3–4. Mr. Gomez–Arrellano had previously submitted a written statement that "the revolver was not used in any respect for any drug related purposes," while admitting the possession of the gun and of the narcotics and his illegal presence in the United States. Presentence Report at 4. Given Mr. Gomez–Arrellano's written denial of the presentence report's finding, and defense counsel's objection to this finding at the sentencing hearing for the specific purpose of preserving the issue for appeal, we do not believe the issue waived. *See United States v. Saucedo,* 950 F.2d 1508, 1518 (10th Cir.1991); *cf. United States v. Fortenbury,* 917 F.2d 477 (10th Cir.1990).

Since we remand for further findings, we need not address Mr. Gomez–Arrellano's claim that the lack of an evidentiary hearing on this issue deprived him of his due process rights.

We REMAND to the district court with instructions to vacate the sentence on the offense of being an illegal alien in possession of a firearm, and resentence Mr. Gomez–Arrellano in accordance with this opinion.