UNITED STATES COURT OF APPEALS

**Filed 9/3/96**

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENNETH FITZGERALD BANKS,

    Defendant-Appellant.

No. 95-6383
(D.C. No. CIV-94-1810-L)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

Defendant was convicted after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 115 months' imprisonment. Defendant neither objected to the presentence report at the time of sentencing nor filed a direct criminal appeal.

---

[*]    At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding pro se, he later filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective and that the district court incorrectly used two prior state convictions to calculate his base offense level and incorrectly imposed a four-point enhancement to his sentence pursuant to U.S.S.G. § 2K2.1(b)(5). The district court denied § 2255 relief after determining defendant's claims were procedurally barred because he failed to prove ineffective assistance of counsel as cause excusing his procedural default. Alternatively, the court determined defendant's claims lacked merit.

On appeal, defendant first argues that the district court erred in failing to hold an evidentiary hearing. If afforded an evidentiary hearing, defendant submits he could have proved that his prior convictions were for simple possession of a controlled substance, rather than possession with intent to distribute. The relevant state court documents showed, and the district court correctly found, that defendant had been convicted twice for possession of a controlled substance with the intent to distribute, not mere possession. Also, the district court correctly determined defendant's claims were procedurally barred. Because the record conclusively showed that defendant was not entitled to relief, see 28 U.S.C. § 2255; see also United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988), we conclude the district court did not abuse its discretion in failing to

hold an evidentiary hearing, United States v. Barboa, 777 F.2d 1420, 1422 & n.2 (10th Cir. 1985).

Defendant next argues the district court erred in relying on United States v. Gomez-Arrellano, 5 F.3d 464 (10th Cir. 1993), which he submits was overruled by Bailey v. United States, 116 S. Ct. 501 (1995), to uphold the four-point enhancement of his sentence.[1] Bailey, 116 S. Ct. at 505, defined the term "use" of a firearm during or in relation to a drug trafficking offense or crime of violence under 18 U.S.C. § 924(c)(1). Before Bailey was decided, this court held that the standard for conviction for use of a firearm under § 924(c) is much higher than the standard for enhancement for use or possession of a firearm in connection with another felony under § 2K2.1(b)(5). United States v. Sanders, 990 F.2d 582, 585 (10th Cir.), cert. denied, 510 U.S. 878 (1993); see also Gomez-Arrellano, 5 F.3d at 466 (recognizing that although there are differences between § 924(c)(1) and § 2K2.1(b)(5), § 924 provides some guidance on nexus between firearms possession and narcotics offense for § 2K2.1(b)(5) purposes). Thus, we do not agree that Bailey overruled Gomez-Arrellano or that the district court erred in relying on Gomez-Arrellano. The district court correctly determined that defendant was procedurally barred from challenging the enhancement and that the

---

[1]     Bailey was decided after the district court entered its decision.

record shows evidence of an appropriate nexus between the firearm and the drugs found in defendant's car.

Finally, defendant argues that the four-point enhancement for use or possession of a firearm in connection with another felony pursuant to § 2K2.1(b)(5) was improper because the enhancement was for the same firearm he pleaded guilty to possessing and that a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) would have been more appropriate. This argument is newly raised on appeal, and we do not consider it. See Singleton v. Wulff, 428 U.S. 106, 120 (1976)("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); United States v. Allen, 16 F.3d 377, 379 (10th Cir. 1994)(declining to address issues not presented to district court).

The judgment of the United States District Court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge