**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JACK MCKINNON, JR.,

Defendant-Appellant.

No. 97-6098
(D.C. No. CR-96-134-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **MCKAY**, and **LUCERO**, Circuit Judges.

---

Defendant appeals from the district court's imposition of a four-level

enhancement on his criminal sentence because he possessed a firearm ". . . in

connection with another felony offense; or possessed . . . any firearm . . . with

knowledge, intent, or reason to believe that it would be used or possessed in

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

connection with another felony offense."[1]  U.S.S.G. § 2K2.1(b)(5).  We have jurisdiction under 18 U.S.C. § 3742(a)(2), and affirm.

On November 9, 1995, Oklahoma City police received a tip that an Eddie Lykins was interested in buying methamphetamine.  In response to the tip, the police set up a controlled buy of one-half ounce of methamphetamine for $1,000.00.  When defendant arrived with Eddie Lykins at the prearranged meeting place, an undercover officer showed the men a plastic bag containing one-half ounce of methamphetamine.  Defendant put $1,000.00 in cash on the table, and asked to sample the drug.  The undercover officer refused, and defendant put his money back in his pocket and started to leave.  The police then arrested defendant.  As they did so, the defendant reached toward his waistband, as if reaching for a gun.  After defendant was under arrest, police found a .380 caliber pistol in his pants.  Compatible ammunition, a small amount of methamphetamine, and drug paraphernalia were found in his car.

Defendant entered into a plea agreement pursuant to which he pleaded guilty to one count of possession of a firearm and ammunition after prior conviction of a felony.  At sentencing, the district court found that defendant had

---

[1]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

attempted to possess methamphetamine with intent to distribute the drug, and possessed a firearm with reason to believe that a felony was about to be committed. As a result, the court applied the four-level enhancement of U.S.S.G. § 2K2.1(b)(5) in calculating defendant's sentence.

On appeal, defendant argues that: (1) he made no substantial step toward the purchase of methamphetamine and, therefore, there is a lack of an "attempt crime" and of a felony offense within the meaning of § 2K2.1(b)(5); and (2) there is no evidence that he possessed a firearm in connection with the failed purchase. These objections are timely raised and we thus review the "district court's factual findings for clear error, and we review its legal interpretation of the guidelines de novo." United States v. Norman, Nos. 96-1342, 96-1359, 1997 WL 735338, at *4 (10th Cir. Nov. 28, 1997).

We agree with the district court that defendant made a substantial step toward the purchase of methamphetamine when he produced the required amount of money in response to the undercover officer's production of the drug. The district court therefore did not err in finding that defendant "attempted to possess with intent to distribute methamphetamine," a felony offense within the meaning of U.S.S.G. § 2K2.1(b)(5). Defendant's reliance on United States v. Joyce, 693 F.2d 838, 840-42 (8th Cir. 1982), is misplaced, as the defendant in that case refused to produce any money with which to complete the drug transaction.

We also agree with the district court's finding that defendant possessed a firearm with reason to believe that it would be used or possessed in connection with another felony.  See R. Vol. II at 27; see also U.S.S.G. 2K2.1(b)(5).  The firearm, though apparently unloaded, was hidden in defendant's pants, and he reached for it when agents first attempted to place him under arrest.  See United States v. Gomez-Arrellano, 5 F.3d 464, 467 (10th Cir. 1993) (holding "[a] weapon's physical proximity to narcotics may be sufficient to provide the nexus required between the weapon and the drug charges").

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge