**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT JAMES HUNT,

      Defendant - Appellant.

No. 97-3267

D. Kansas

(D.C. No. 97-10031-01)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Robert Hunt pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

impersonating a Secret Service agent, in violation of 18 U.S.C. § 912. He now appeals the sentence imposed, contending that the district court erred by increasing his offense level pursuant to USSG § 2K2.1(b)(5). We affirm.

## BACKGROUND

Hunt was originally indicted on three counts of possession of firearms after having been previously convicted of a felony, and on one count of impersonating a federal agent. Pursuant to a plea bargain, the government dismissed two of the firearm counts, and Hunt pleaded guilty to a single count involving his possession of a Remington Shotgun. Hunt also pleaded guilty to the charge of impersonating a Secret Service agent, and it is the conduct related to the impersonation charge which forms the basis for the sentencing enhancement under USSG § 2K2.1(b)(5).

The Presentence Investigation Report ("PSR") recites the following offense conduct:

> On February 27, 1997, authorities interviewed Warren L. McCann, an employee of John's Sports Center, 1804 N. Broadway, Pittsburg, Kansas. McCann reported that sometime in November 1996, at John's Sports Center, he was approached by Robert Hunt. Mr. Hunt was seeking to purchase a concealment-type holster for a 9mm Sig Sauer P-228 semi-automatic pistol. McCann indicated Hunt pulled the pistol from concealment on his person and showed it to him. McCann stated Hunt told him that he (Hunt) was an agent of the U.S. Secret Service. Hunt also indicated that prior to serving as a Secret Service Agent, he was a Navy Seal. Hunt further offered to provide investigative services to McCann.

R. Vol. II ¶ 7. Noting that Hunt "possessed a firearm (Sig. Model P-228 9mm pistol) in connection with another felony offense (Impersonation of a Secret Service Agent)," the PSR added four points to Hunt's base offense level pursuant to USSG § 2K2.1(b)(5). Id. ¶ 21.

Hunt objected to the increase, arguing that the described conduct failed to show the requisite nexus between his possessing the gun and his impersonating a Secret Service Agent. Id., Addendum ¶¶ 110-123. Specifically, Hunt argued that the official interview report with McCann indicated that Hunt did not make the statement about being a Secret Service Agent until "after he had shown McCann his pistol in order to buy a holster." Id. ¶ 123 (emphasis in original). According to Hunt's theory, the undisputed sequence of the two events demonstrates only a coincidental relationship between his possession of the gun and his felony impersonation.[1] Therefore, Hunt objected that the government had failed to prove by a preponderance of the evidence that he possessed the gun "in connection with" the impersonation.

In response to Hunt's objection, the probation officer noted that the brand and model weapon for which Hunt was seeking a concealment holster "is the

_____

[1]By contrast, Hunt states that, if the evidence had shown that he identified himself as a Secret Service Agent before asking for a holster for his gun, "then a connection between the crime of impersonating a Secret Agent and possessing the firearm might have been established." Appellant's Br. at 12.

same type issued by the Secret Service to its' [sic] agents," and that "the possession of such assisted Mr. Hunt in convincing Mr. McCann that he (Hunt) was actually an agent of the Secret Service." Id. ¶ 125, 126.

## DISCUSSION

Under USSG § 2K2.1(b)(5), a defendant's base offense level is increased by four levels "[i]f the defendant used or possessed any firearm . . . in connection with another felony offense." Id. We review the district court's factual findings in support of a sentence enhancement for clear error, United States v. Valdez-Arieta, 127 F.3d 1267, 1270 (10th Cir. 1997), and we view the evidence and inferences therefrom in the light most favorable to the district court's determination. United States v. Conley, 131 F.3d 1387, 1389 (10th Cir. 1997), petition for cert. filed, (U.S. Mar. 16, 1998) (No. 97-8337). However, we review the district court's interpretation of the sentencing guidelines de novo. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

On appeal, Hunt contends that the government failed to demonstrate anything more than a coincidental relationship between his possession of the gun and his felony impersonation. He argues that the record is completely void of any facts which show that he knew his weapon was the same type as the weapons used by Secret Service Agents. Moreover, he contends that the evidence shows

-4-

that his wife purchased the gun several years before the felony at issue, and such evidence refutes any conclusion that he acquired the gun to facilitate the offense. In response, the government notes that the relevant portion of § 2K2.1(b)(5) does not require that the gun be acquired for the purpose of the felony offense.[2] Additionally, the government notes that only specially authorized persons, such as law enforcement officers, may carry concealed weapons under Kansas law. K.S.A. § 21-4201(a)(4), (b). Hence, the fact that Hunt identified himself as a Secret Service Agent, together with the fact that the gun was the type used by Secret Service Agents, also served to explain his authority to carry the weapon.

Except for its plain language, USSG § 2K2.1(b)(5) provides no guidance regarding the application of the "in connection with" nexus between firearm possession and the felony offense.[3] However, we have previously explained the required nexus in United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th

---

[2]The government correctly notes that the disjunctive second portion of USSG § 2K2.1(b)(5) does contain a requirement of intent or knowledge. Appellee's Br. at 5 n.11. That language does not govern Hunt's case, however, and he makes no argument that it should.

[3]Compare § 2K2.1(b)(5) with § 2D1.1(b)(1), whose accompanying commentary specifically provides that the stated enhancement applies whenever the weapon was present in some proximity to the offense, unless the defendant shows that it was "clearly improbable" that the gun was connected with the offense. USSG § 2D1.1(b)(1) & comment. (n. 3). Based on that commentary as well as the difference in the plain language of the two guidelines—i.e., mere possession under § 2D1.1(b)(1) versus possession "in connection with" under § 2K2.1(b)(5)—we have required different proof for enhancements under the respective sections. United States v. Gomez-Arrellano, 5 F.3d 464, 466 (10th Cir. 1993).

Cir. 1993). Specifically addressing the guideline's plain language, we have held that the "in connection with" requirement of § 2K2.1(b)(5) is analogous to the "in relation to" requirement of 18 U.S.C. § 924(c)(1), which "is satisfied if the government shows that the weapon facilitates or has the potential to facilitate the . . . offense, but is not satisfied if the weapon's possession is coincidental or entirely unrelated to the offense."[4]  Id. at 466-67 (citing the "expansive" reading of § 924(c) in Smith v. United States, 508 U.S. 223, 238 (1993)); see also United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998).

In this case, the district court correctly noted that the government may prove the "in connection with" requirement of § 2K2.1(b)(5) if it shows, by a preponderance of the evidence, that the gun had the potential for facilitating the felony offense.  Applying that standard, the district court found that the fact that the gun was the same type as the guns issued by the Secret Service to its agents was strong circumstantial evidence that Hunt possessed the weapon for the purpose of facilitating the impersonation offense.  The court further found that, regardless of whether Hunt displayed the weapon before or after falsely identifying himself as a Secret Service Agent, the weapon was intended to and

_____

[4]In a prior case, we rejected a defendant's argument that the standard for § 924(c) should also apply to enhancements under § 2K2.1(b)(5).  United States v. Sanders, 990 F.2d 582, 585 & n.1 (10th Cir. 1993).  At the time Sanders was decided, however, this circuit employed a much higher standard for § 924(c) than the Supreme Court later articulated in Smith v. United States, 508 U.S. 223 (1993).

had the potential of facilitating the impersonation. R. Vol. IV, Tab 34 at 15-16; R. Vol. I, Tab 26 at 2. Viewing the evidence and inferences therefrom in the light most favorable to the district court's determination, we conclude that its findings are not clearly erroneous.

Accordingly, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge