F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANNY RAY HILL,

    Defendant-Appellant.

No. 98-6393

(D.C. No. 96-CR-27-A)

(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Danny Ray Hill appeals from the district court's Order Nunc Pro Tunc and other orders adjusting his sentence to reflect time concurrently served in custody on related state offenses.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant was indicted on federal charges on January 21, 1996. He then was arrested on those charges, arraigned, and released on bond on February 27, 1996. On June 26, 1996, Defendant entered a plea of guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) for conduct which occurred in September and November 1995. Although he was placed in federal custody at the conclusion of the plea hearing, Defendant was not sentenced until January 27, 1997. On that date, the United States District Court for the Western District of Oklahoma sentenced Defendant to 121 months' imprisonment and five years' supervised release, and the United States Bureau of Prisons commenced the federal sentence.[1]

In April 1998, Defendant filed a Motion to Clarify Sentence in which he claimed that the federal sentence should have begun running on June 26, 1996, because he should have been given credit for time he spent in custody for related

---

[1]Defendant appealed the district court's determination of his sentence. This court affirmed his sentence on October 29, 1997. See United States v. Hill, 129 F.3d 131, 1997 WL 687734 (10th Cir. 1997).

Defendant also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Before the district court addressed the merits of the section 2255 motion, however, it construed Defendant's notice of appeal from the nunc pro tunc order as a request for a certificate of appealability. On October 30, 1998, the court declined to issue a certificate of appealability and denied Defendant's request to proceed *in forma pauperis* on appeal. See R., Vol. 1, Doc. 155. The district court denied the section 2255 motion on December 18, 1998. Defendant's appeal of the section 2255 motion is pending before this court.

state offenses. On May 15, 1998, the court issued an order stating that it had intended federal credit to commence on June 26, 1996. In response, the Government filed a Motion to Correct Judgment and Commitment Order Nunc Pro Tunc. Essentially, the Government claimed that the court's May 15 Order granting pre-sentence credit for the federal sentence violated 18 U.S.C. § 3585(b) because Defendant's state sentence had been credited for that time period. The Government explained that the court's intent for federal credit to commence on June 26, 1996, could be met if the court adjusted the sentence to a lesser period of time pursuant to United States Sentencing Guidelines § 5G1.3(b), n.2. On September 2, 1998, the district court ordered that the judgment be corrected nunc pro tunc to impose a sentence of 113 months and 30 days to run concurrently with the period of time spent in custody for a related state offense.[2] Subsequently, in an Order filed October 23, 1998, the district court denied Defendant's traverse to

---

[2]The district court's nunc pro tunc order states, in pertinent part:

> Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 113 months and 30 days to run concurrently with the time spent in state custody for a related offense from January 5, 1996 through January 9, 1996 and February 28, 1996 through April 11, 1996 for a total of 7 months and 3 days served in state custody. Sentence imposed is not a departure from the guidelines, as the time was served concurrently with the related state offense, pursuant to USSG § 5G1.3(b), Application Note 2.

R., Vol. 1, Doc. 144.

the Government's motion to correct and reaffirmed that the lesser term of 113 months and 30 days "accommodates the difference between [the court's] original intention and the actual administration of his prison sentence." R., Vol. 1, Doc. 154 at 1.

On appeal, Defendant claims that the adjusted sentence fails to account for the time he spent in custody on related state charges from January 5, 1996, to June 26, 1996.[3] Whether the district court correctly calculated the time served in custody on a related state charge is a factual determination that we review for clear error. See United States v. Gomez-Arrellano, 5 F.3d 464, 465 (10th Cir. 1993). We review the legal applications and interpretations of the Sentencing Guidelines de novo. See id.

In its May 15, 1998 Order, the district court stated that it had intended the federal sentence to commence on June 26, 1996, the date it remanded Defendant to federal custody. However, the Bureau of Prisons did not commence Defendant's federal sentence until he was actually sentenced on January 27, 1997; instead, Defendant was serving a state sentence on related charges from June 26,

---

[3]Defendant also seems to claim that his sentence should be adjusted because he concurrently served a state sentence until April 28, 1997. This argument is patently without merit. The term "concurrent" means that Defendant may serve his state and federal sentences at the same time; it does not allow a federal court to adjust a federal sentence for that part of the state sentence served after the federal sentence commences, i.e., after January 27, 1997, in this case.

1996, through January 27, 1997. It appears from both the September 2, 1998 Order and the October 23, 1998 Order that the district court attempted to adjust Defendant's sentence to reflect the time he spent in custody serving a state sentence for a related offense pursuant to U.S.S.G. § 5G1.3, n.2. Our reading of these two orders leaves us with the firm conclusion that the court properly reduced Defendant's original 121-month sentence by 7 months and 1 day to 113 months and 30 days.[4] This adjustment correctly reflects the time Defendant served on an undischarged sentence for a related state offense from the date on which he was remanded to federal custody, June 26, 1996, to the date on which he was sentenced for the instant offense, January 27, 1997. See U.S.S.G. § 5G1.3(b), n.2.; R., Vol. 1, Docs. 144, 154.

However, some confusion concerning the sentence adjustment remains. The court's September 2 Order tells us that the 113-month and 30-day adjusted sentence would "run concurrently with the time spent in state custody for a related offense from January 5, 1996 through January 9, 1996 and from February 28, 1996 through April 11, 1996 for a total of 7 months and 3 days served in state custody." R., Vol. 1, Doc. 144. The problem with this statement is that while it

_____

[4]We are unable to conform the actual adjustment of 7 months and 1 day with the court's stated calculation of 7 months and 3 days. Nevertheless, the adjustment for the time served for a related state offense between June 26, 1996, and January 27, 1997, pursuant to U.S.S.G. § 5G1.3(b), n.2, was correct.

mentions the time Defendant spent in state custody from January 5 to January 9, 1996, and February 28 to April 11, 1996, its calculations do not appear to include or otherwise account for this time. Additionally, Defendant claims that the court did not properly consider several other periods of imprisonment for related state charges. In short, neither the court's orders nor the record makes clear whether or how the court analyzed the following six periods of incarceration between January 5, 1996, and June 26, 1996: (1) January 5 through January 9; (2) January 21 through January 24; (3) February 10 through February 13; (4) February 16 through February 27; (5) February 28 through April 11; and (6) April 12 to June 26.[5] Consequently, we remand for the court's reconsideration of these periods in light of the following discussion.

We begin our discussion by explaining how section 5G1.3(b) of the Sentencing Guidelines applies. This section provides that if a defendant has an undischarged term of imprisonment resulting from offenses "that have been fully taken into account in the determination of the offense level for the instant

_____

[5]Neither the court's Orders nor the Government's or Defendant's briefs clearly articulates the suspect periods of time that Defendant claims the court failed to properly evaluate. Accordingly, our statement setting forth the six periods of time is based on a document from the Federal Correctional Institute El Reno, Oklahoma, which was appended to Defendant's brief. See Appellant's Br. at Exh. A. Because this document does not fully explain the status of the six terms of imprisonment, the district court should verify these periods of imprisonment on remand.

offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b). More important to this case, Application Note 2 to section 5G1.3 explains that when a sentence is imposed under subsection (b), "the court should adjust the sentence for any period of imprisonment already served as a result of conduct taken into account in determining the guideline range for the instant offense" if that period of imprisonment is not credited to the federal sentence by the Bureau of Prisons under 18 U.S.C. § 3585(b). See id. at n.2. Plainly, Application Note 2 only allows an adjustment for that part of an undischarged term of imprisonment that is served before a defendant's federal sentence commences and that is not credited under 18 U.S.C. § 3585(b). Thus, Defendant's sentence should have been adjusted to reflect each undischarged period of incarceration for related state charges between January 5, 1996, and January 27, 1997, that satisfied the requirements of U.S.S.G. § 5G1.3(b).

With respect to the first and fifth terms of imprisonment, from January 5 through January 9, 1996, and February 28 through April 11, 1996, the Government concedes that Defendant was in state custody on related state offenses for these periods of time. While the district court mentioned these two periods of imprisonment in its September 2, 1998 Nunc Pro Tunc Order, its adjustment of Defendant's sentence to 113 months and 30 days does not appear to

have included or accounted for them. The language of the Nunc Pro Tunc Order suggests that the court believed that it was adjusting Defendant's sentence pursuant to U.S.S.G. § 5G1.3(b), n.2. See R., Vol. 1, Doc. 144 (confirming that the adjustment was "not a departure from the guidelines, as the time was served concurrently with the related state offense, pursuant to USSG § 5G1.3(b), Application Note 2"). However, because the court's actual adjustment only reflects the time Defendant spent in custody from June 26, 1996, until January 27, 1997, i.e., 7 months and 1 day, we remand for the district court's reconsideration of whether Defendant's sentence should be further adjusted to reflect the first and fifth periods of imprisonment for related state offenses.[6]

As to the second, third, fourth, and sixth periods of imprisonment, we cannot tell *if* or *how* the court analyzed them. On remand, the threshold question for the district court is whether, pursuant to 18 U.S.C. § 3585(b)(2), the Bureau of Prisons credited any of these periods of imprisonment to Defendant's federal sentence for charges imposed after November 1995, the date of the instant offense. If so, the court may not use these periods to adjust Defendant's sentence under Application Note 2 to section 5G1.3 of the Guidelines. See United States v. Dorsey, 166 F.3d 558, 560 (3d Cir. 1999). However, if any of the above

---

[6]Of course, the district court should only adjust Defendant's sentence with respect to the first and fifth periods if they are part of an undischarged term of imprisonment.

periods of incarceration were credited to a state sentence, they may not be credited against Defendant's federal sentence for the instant offense under 18 U.S.C. § 3585(b), but they may meet the criteria for an adjustment under U.S.S.G. § 5G1.3, n.2. Under Application Note 2, the district court must determine if the second, third, fourth, or sixth periods of incarceration were undischarged terms of imprisonment[7] and involved related state offenses which were taken into account in determining the guideline range for the instant offense. If so (and if the Bureau of Prisons did not give Defendant credit toward his federal sentence for any of these periods of incarceration), then the court should adjust Defendant's sentence to reflect any or all of those periods of incarceration. See U.S.S.G. § 5G1.3(b), n.2. However, if these periods are discharged terms of imprisonment, or if none of them involved relevant conduct for purposes of determining the total offense level for the instant offense, they are not suitable for an adjustment under U.S.S.G. § 5G1.3(b), n.2, and the sentence is correct as to the second, third, fourth, and sixth periods of imprisonment.

To the extent that Defendant raises an argument concerning his good-time credit, he did not present this issue to the district court, and, therefore, it is not properly reviewable at this time. See Walker v. Mather (In re Walker), 959 F.2d

---

[7]While it appears as though the second, third, and fourth periods may be discharged terms of imprisonment, the record is not conclusive on this point.

894, 896 (10th Cir. 1992).

In sum, we REMAND for the district court's reconsideration of the six periods of imprisonment between January 5, 1996, and June 26, 1996, as they relate to Defendant's federal sentence for the instant offense.

Entered for the Court


Monroe G. McKay
Circuit Judge