**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4194

LINZIE HOLDER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-170)

Submitted: August 17, 1999

Decided: October 18, 1999

Before MURNAGHAN, ERVIN,* and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David Michael Gammino, Maureen L. White, Richmond, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, S. David
Schiller, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to his guilty pleas, Linzie Holder was convicted of one count each of possession with intent to distribute heroin (21 U.S.C. § 841 (1994)) and possession of a firearm by a drug user (18 U.S.C.A. § 922(g)(3) (West Supp. 1999)). On appeal, Holder alleges that the district court erred by enhancing his base offense level by four levels under USSG § 2K2.1(b)(5).[1] Finding no reversible error, we affirm.

While on routine patrol, two Richmond, Virginia, police officers observed Holder and another male engaged in what they suspected was a drug transaction. The two men began to walk away when they saw the police officers, and Holder threw five small plastic bags over a hedge. The bags were recovered and later found to contain heroin. After being apprehended, Holder was escorted next door, where he lived with his parents.[2]

Holder's mother consented to a search of Holder's bedroom. There, police discovered a loaded .357 caliber handgun between the mattresses of Holder's bed. In addition, Holder's father and girlfriend admitted to police that he (Holder's father) had removed drugs from Holder's dresser and hid them beside a shed in the backyard while the officers talked to Holder in front of the house. [3] Holder admitted that he smoked marijuana in his room and that he sold, but did not use, heroin. However, he denied ever selling drugs in the home.

_____

[1] **U.S. Sentencing Guhdelines Manual** (1998). This section allows the district court to increase a defendant's base offense level if the defendant possessed a firearm in connection with another felony offense.
[2] The suspected drug transaction occurred approximately two houses from Holder's home.
[3] Police later discovered a bag containing marijuana and heroin beside the shed.

Holder objected to the enhancement at sentencing, arguing that there was no evidence that he possessed the weapon"in connection with" his drug dealing. Specifically, Holder alleged that he did not sell drugs from his room or carry the firearm with him when he sold drugs outside the home. Holder also presented the testimony of his ten-year-old sister, who stated that she found the weapon in a neighbor's yard the day before Holder's arrest and gave it to him. The district court found the sister's testimony credible, but nevertheless denied the objection.

Because this case raises a mixed question of law and fact regarding the application of the Sentencing Guidelines, we review the district court's decision with due deference. See United States v. Bostic, 168 F.3d 718, 724 (4th Cir.), cert. denied, 119 S. Ct. 2383 (1999). Although the Guidelines do not define the phrase"in connection with," as used in USSG § 2K2.1(b)(5), we have adopted the view that the phrase is best interpreted by analogy to the definition of the phrase "in relation to" used in 18 U.S.C.A. § 924(c) (West Supp. 1999). See United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996). Thus, to show that the firearm was possessed "in connection with" another felony offense, the Government was required to prove by a preponderance of the evidence that Holder possessed the weapon and that it facilitated, or had the potential to facilitate, the other offense. See id.

In the present case, the district court properly found that Holder possessed the weapon, and this factor is not in dispute. Likewise, there is no suggestion in the record that the firearm facilitated any of Holder's past drug activities.[4] Therefore, the issue focuses on whether the district court correctly concluded that the firearm had the potential to facilitate future drug activities.

We find that the district court properly applied the enhancement. First, Holder kept the firearm in the same room as his drugs, and this proximity may be sufficient to establish the required nexus between the weapon and drug offenses.[5] Second, the weapon was fully loaded

_____

[4] The district court properly identified Holder's admitted possession of marijuana and possession of heroin with the intent to distribute as the required felony offenses for purposes of the enhancement.

[5] **See United States v. Gomez-Arrellano**, 5 F.3d 464, 466-67 (10th Cir. 1993). We note that unlike the district court in Gomez, the court here

3

at the time of its discovery. The district court correctly noted that the only purpose for having a loaded weapon near drugs is to have it available for future use if necessary. Finally, Holder had ample opportunity to inform his parents or the police of his sister's discovery, but he chose not to do so. Instead, he decided to keep the weapon, and the district court properly found that this created a strong inference that Holder intended to keep it for use in his drug activities should he ever need it.

Accordingly, we affirm Holder's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
made the factual finding that the weapon and drugs were in close proximity and that that proximity created the potential that the weapon could facilitate the drug offenses. While Holder alleges that this factor alone is insufficient to support the enhancement, we need not decide this issue because we find that the district court properly considered this factor in conjunction with the other facts of this case.

4