**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAR 3 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

NICHOLAS JOHN VASQUEZ,

        Defendant - Appellant.

No. 02-4178
(D.C. No. 2:01-CR-315-01-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Defendant Nicholas Vasquez appeals his sentence for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), claiming the district court erred in applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On May 18, 2001, the West Valley City, Utah, Police Department received a residential burglary report. The police located and stopped the vehicle in which the burglary suspects had fled. As the vehicle stopped, the passenger, who was later identified as Vasquez, got out of the vehicle and ran. The police found Vasquez and, in close proximity to him, two loaded semi-automatic handguns wrapped in a gray shirt. The complainants positively identified Vasquez and the other suspect and indicated that Vasquez was wearing the gray shirt at the time of the burglary. The victim of the burglary identified various items in the vehicle that had been taken from his residence.

On May 23, 2001, a two-count indictment was filed against Vasquez charging him with one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). Vasquez pled guilty to possession of a stolen firearm and the other charge was dismissed. Vasquez was sentenced to a term of imprisonment of thirty-seven months. The district court concluded the two handguns were used or possessed in connection with the burglary and applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5).

Vasquez contends the district court erred in applying U.S.S.G. § 2K2.1(b)(5) in this case. Specifically, he argues there was insufficient evidence for the district court to conclude that the two handguns were used in connection with the burglary. We review a district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error, giving due deference to the court's application of the Guidelines to the facts. United States v. Walters, 269 F.3d 1207, 1214 (10th Cir. 2001). We view the evidence and inferences therefrom in the light most favorable to the district court's determination. Id.

Section 2K2.1(b)(5) of the Guidelines provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." For purposes of § 2K2.1(b)(5), the term "felony offense" "means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1 cmt. n.7. The phrase "in connection with" is not defined. While we have noted that judicial interpretations of 18 U.S.C. § 924(c) provide "some guidance" in construing the "in connection with" requirement, United States v. Gomez-Arrellano, 5 F.3d 464, 466 (10th Cir. 1993), we have rejected any assertion that judicial precedent interpreting § 924(c) controls when a sentence may be enhanced under § 2K2.1(b)(5), United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998). "Guided by these principles, we have generally held that if the weapon facilitated or had the potential to facilitate the

underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate." Id. (citing Gomez-Arrellano, 5 F.3d at 466). However, the enhancement is not appropriate if possession of the weapon was coincidental or entirely unrelated to the offense. Walters, 269 F.3d at 1219.

After reviewing the record, we conclude the district court did not err in applying the enhancement. Although Vasquez correctly notes that the complainants did not observe him in possession of a firearm, the totality of the evidence was sufficient to allow the court reasonably to infer that the handguns had the potential of facilitating the burglary. As the district court stated at sentencing, "logic and common sense show[] that Mr. Vasquez did not bring those weapons merely by chance," and that, instead, "[t]hey were there because they played a role or could have played a role had the occasion presented itself in the burglary." ROA, Vol. II at 12.

The judgment of the district court is AFFIRMED.


Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-