**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TONY RAY FERGUSON,

      Defendant - Appellant.

No. 06-5067
(N.D. Okla.)
(D.Ct. No. 04-CR-177-C)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Tony Ray Ferguson pled guilty to being a felon in possession of a firearm and ammunition. His counsel filed a brief pursuant to *Anders v. California* and a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion for leave to withdraw as counsel.[1]  386 U.S. 738 (1967).  In her brief,

counsel identified no non-frivolous issues for appeal; the brief was given to

Ferguson.  Ferguson did not file a responsive brief.  However, he did announce

his position in a motion to extend the time for filing, which we will construe as

his response to counsel's *Anders* brief.[2]  In his response, Ferguson argues the

district court improperly enhanced his sentence under USSG §2K2.1(b)(5) for

possessing a firearm "in connection with" another felony offense.  The

government responded to counsel's *Anders* brief and Ferguson's responsive brief.

After thorough examination of the record, we agree with Ferguson's counsel that

no non-frivolous grounds for appeal appear on this record.  Therefore, we

GRANT counsel's motion to withdraw and DISMISS the appeal.

## Background

In June and July 2004, Agent Joshua Petree arranged for a reliable

confidential informant to purchase crack cocaine from Ferguson.  During one

---

[1] *Anders* holds "if counsel finds [herclient's] case to be wholly frivolous, after a conscientious examination of it, [s]he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Counsel must submit to both the court and [her]client a "brief referring to anything in the record that might arguably support the appeal." *Id.*  The client may then "raise any points [] he chooses." *Id.*  Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal.  "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .  [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

[2] *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) *(pro se* pleadings and papers are liberally construed and held to a less stringent standard than those drafted by attorneys).

meeting between the confidential informant and Ferguson, the informant noted Ferguson stored a semi-automatic pistol in a dresser by his bed. Subsequently, Petree sought and obtained a search warrant for Ferguson's residence. On July 28, 2004, law enforcement officers executed the warrant. In Ferguson's bedroom, they discovered crack cocaine in a trash can next to Ferguson's bed, a semi-automatic pistol in a laundry basket next to his bed, two sets of digital scales on top of his dresser and ammunition. They also found a set of digital scales in the kitchen and ammunition throughout the house. After the search, Petree interviewed Ferguson's ex-girlfriend, who was at the residence at the time of the search. She provided a written statement in which she denied possessing the gun and drugs found in the home.

On November 3, 2004, Ferguson was indicted with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 18, 2005, he pled guilty to the indictment. Pursuant to USSG §2K2.1(b)(5), Ferguson's presentence report (PSR) recommended a 4 level enhancement to his base offense level of 20 because a firearm was used in connection with the felony offense of possession of a controlled substance.[3] The PSR also recommended subtracting 3 levels for acceptance of responsibility,

_____

[3] Ferguson was sentenced pursuant to the 2004 edition of the United States Sentencing Commission Guidelines Manual. All citations to the guidelines in this opinion refer to the 2004 guidelines unless otherwise indicated.

resulting in a total offense level of 21. With a criminal history category of V, the guideline range was 70-87 months imprisonment.

At Ferguson's initial sentencing hearing, Ferguson's ex-girlfriend was scheduled to testify. She allegedly was going to testify that the drugs found in Ferguson's home were hers and did not belong to Ferguson, thereby refuting the application of the USSG §2K2.1(b)(5) enhancement. Her attorney appeared instead and explained she would not be testifying. The hearing was continued to allow Ferguson an opportunity to subpoena her; Ferguson's subsequent attempts to subpoena her were unsuccessful.

On February 13, 2006, Ferguson reappeared for sentencing. At the hearing, the court received evidence to determine whether the §2K2.1(b)(5) enhancement applied. Petree testified concerning the controlled buys and the items found in Ferguson's bedroom. When asked by the district court whether he had anything to say prior to sentencing, Ferguson stated his attorney was in possession of an affidavit from his ex-girlfriend stating the drugs belonged to her. If the court considered this document, he argued it would conclude his firearm possession was not in connection with any drug offense. The court noted the document was not introduced as evidence. Thus, there was no evidence before the court supporting Ferguson's allegations. Based on Petree's testimony, the court found a 4 level increase under §2K2.1(b)(5) was appropriate and sentenced Ferguson to 87 months imprisonment.

Discussion

Ferguson claims the district court improperly enhanced his sentence under USSG §2K2.1(b)(1). In deciding "whether the district court properly applied the Sentencing Guidelines, [we] review[] its legal conclusions *de novo* and its factual findings for clear error." *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007).

Section 2K2.1(b)(1) of the sentencing guidelines provides for a four level increase in the base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." "The government must support the 'in connection with' element of the enhancement offense with a preponderance of the evidence." *United States v. Gomez-Arrellano*, 5 F.3d 464, 466 (10th Cir. 1993). "[A] weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998).

Ferguson complains his possession of the firearm was not in connection with any other crime or offense. He argues his ex-girlfriend's affidavit should have been considered to show the enhancement was not applicable. In essence, Ferguson argues the district court should have considered an affidavit not in

evidence. The district court cannot be faulted for such failure.[4] Under *Bunner*, Petree's testimony, which demonstrated the proximity between the drugs and firearm/ammunition in Ferguson's bedroom, was sufficient to prove by a preponderance of the evidence Ferguson used or possessed the firearm and ammunition in connection with the felony offense of drug possession. The district court did not err in applying the enhancement. Thus, Ferguson has identified no non-frivolous issues for us to consider.

We GRANT counsel's motion to withdraw and DISMISS the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Ferguson's attorney did not address Ferguson's claim of an affidavit, either in the district court or in her *Anders* brief. The record suggests the ex-girlfriend gave Ferguson's attorney some sort of statement, but does not indicate the statement's substance. Assuming Ferguson truthfully described the contents of the statement, the failure to admit it as evidence, if any, lies at the foot of counsel. To the extent Ferguson may have an arguable claim of ineffective assistance of counsel, such a claim is best considered on collateral review. *United States v. Galloway*, 56 F.3d 1239, 1240 (1995) (*en banc*).