UNITED STATES of America,
Plaintiff–Appellee,

v.

Tony John PANTELAKIS,
Defendant–Appellant.

No. 94–4172.

United States Court of Appeals,
Tenth Circuit.

June 21, 1995.

———

Robert L. Booker (David V. Finlayson with him on the brief) of Booker & Associates, Salt Lake City, UT, for defendant-appellant.

Bruce C. Lubeck, Asst. U.S. Atty. (Scott M. Matheson, Jr., U.S. Atty., with him on the brief), D. Utah, Salt Lake City, UT, for plaintiff-appellee.

Before KELLY and McKAY, Circuit Judges, and COOK,* Senior District Judge.

McKAY, Circuit Judge.

The appellant, Mr. Pantelakis, pled guilty to one count of violating 26 U.S.C. § 5861, possession of an unregistered firearm. He was sentenced to ninety-two months incarceration and three years of supervised release. The sentence was based on an adjusted offense level of 26, including a four level enhancement under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm with "knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

Mr. Pantelakis raises two related issues on appeal. First, he claims that there was insufficient evidence to support the sentencing judge's conclusion that Mr. Pantelakis had the requisite "knowledge, intent, or reason to believe" that he would use the gun in connection with another felony offense. Thus, he contends that the district court made a clear error in applying the four level enhancement. Second, Mr. Pantelakis claims that the district court abused its discretion in refusing his request for an evidentiary hearing to allow him the opportunity to rebut the gov-

---

* Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation.

ernment's assertions regarding his intended use for the gun. Because we agree with Mr. Pantelakis' first argument, we need not and do not reach this second issue.

Under U.S.S.G. § 2K2.1(b)(5), a four level enhancement is to be applied:

> If the defendant used or possessed any firearm . . . in connection with another felony offense; or possessed . . . any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

In this case, it is the latter part of this provision which is at issue. The sentencing judge, adopting the conclusions in the pre-sentence report, concluded that the government, by a preponderance of the evidence, had proved that Mr. Pantelakis had "knowledge, intent, or reason to believe" that he would use the gun in connection with another felony offense.

■ The unrefuted, uncontradicted testimony of Mr. Pantelakis is that he purchased the weapon solely for self-protection purposes. The evidence shows that Mr. Pantelakis had good reason to fear for his personal safety, as he had already been attacked and stabbed by rival gang members. Indeed, the sentencing judge credited this testimony. However, on the basis of one ambiguous statement in the pre-sentence report, the court imposed the enhancement. In an interview with a probation officer, Mr. Pantelakis "related that he considered himself a threat to rival gang members." This statement, in and of itself, is simply insufficient to prove that Mr. Pantelakis had reason to know that he would use a gun to commit a felony, much less to show actual intent or knowledge that a felony would be committed. At most, this is an example of braggadocio by an eighteen-year-old gang member.

Although the addendum to the pre-sentence report sets forth nine reasons why defendant should receive the enhancement, none of the other eight reasons is probative of the defendant's intent to commit a felony. In fact, one of the reasons cited in the PSR actually undermines the government's theory and supports Mr. Pantelakis' contention that he bought the weapon for self-protection. According to the PSR, the "defendant said his gang had been fighting with a rival gang and he did not want to end up dead or in the hospital so he bought the gun." The pre-sentence report attempted to twist this statement by saying that Mr. Pantelakis "purchased and possessed the firearm and ammunition with the intent that he would use it in anticipation of being confronted by rival gang members."

■ There is simply not a shred of evidence that Mr. Pantelakis intended to seek out the rival gang members and use his firearm preemptively. To the contrary, Mr. Pantelakis repeatedly stated that he was afraid rival gang members were going to come after him and that he wanted to be able to defend himself in that eventuality. The fact that he anticipated a confrontation does not, as the pre-sentence report contends, convert what would otherwise be an intent to lawfully defend oneself into an intent to commit a felony. Conclusions in the pre-sentence report unsupported by facts do not constitute a preponderance of the evidence. *United States v. Gomez–Arrellano,* 5 F.3d 464, 467 (10th Cir.1993).

■ As the government has presented no evidence other than the presentence report, it appears to this court that the sentencing court drew the impermissible inference that because Mr. Pantelakis was a gang-member, he must have intended to use his gun to commit a felony. This line of reasoning must be rejected. The evidence at most supports the conclusion that he obtained the gun to defend himself. His possession of the weapon was admittedly unlawful; he will be punished for that crime. An intent to lawfully defend oneself—even with an unlawful weapon—does not, however, warrant a § 2K2.1(b)(5) enhancement.

The government has failed to meet its burden to prove, by a preponderance of the evidence, that Mr. Pantelakis had knowledge, intent or reason to believe that his unlawful firearm would be used in connection with a felony. The enhancement under U.S.S.G. § 2K2.1(b)(5) was improperly applied. This matter is REVERSED and REMANDED to

the District Court for resentencing without applying the § 2K2.1(b)(5) enhancement.[1]

REVERSED AND REMANDED.

---

1. We wish to commend Appellant's counsel for a particularly helpful presentation of the issues on appeal.