UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 00-4522

MARVIN SPRY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-233-1)

Submitted: March 23, 2001

Decided: April 19, 2001

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Kevin West, Traci H. Boyd, MCCOY & WEST, Lexington,
Kentucky, for Appellant. Rebecca A. Betts, United States Attorney,
Steven I. Loew, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Spry pled guilty to possessing a firearm after being convicted of a felony, 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced to a term of seventy-one months imprisonment. Challenging his sentence, Spry contends that the district court erred in finding that he possessed the firearm in connection with another felony and thus enhancing his sentence by four levels under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1998). He also contests the district court's decision not to reduce his sentence for acceptance of responsibility. USSG § 3E1.1. We affirm.

Spry shot one of two unarmed men whom he claimed were intruders in his house. He argued that no enhancement was warranted because West Virginia law gives a homeowner the right to use deadly force "to repel . . . a violent intrusion into his home where he has reasonable grounds to believe the intruder will commit a felony or personal injury on the occupant and that deadly force is the only means available to prevent it." State v. W.J.B., 276 S.E.2d 550, 556 (W. Va. 1981). The investigation of the incident compiled statements from Spry, the victim, and a houseguest of Spry's who was present during the incident, as well as tapes of several 911 calls Spry made during and after the incident. The district court decided that Spry had not shown a need to use deadly force. Our review of the record discloses that the district court did not clearly err in making this factual determination. See United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996) (standard of review). Although Spry attempts to find support in United States v. Pantelakis, 58 F.3d 567, 568 (10th Cir. 1995) (finding that gun purchased unlawfully for self-defense did not warrant enhancement), that case is distinguishable because, in Pantelakis, the defendant's unlawful gun was bought for self-defense but never used, as Spry's gun was.

The district court denied Spry an adjustment for acceptance of responsibility because he made conflicting statements about whether he deliberately retrieved the firearm to confront the intruders, or unexpectedly came upon a gun he had not known was in a drawer in his night stand. The presentence report gave Spry notice that his

2

apparent lack of truthfulness had jeopardized the adjustment, but he failed to address acceptance of responsibility at sentencing, other than to clarify that his positive drug tests were the result of prescription medicines he was taking. Consequently, the district court did not clearly err in adopting the probation officer's recommendation to deny the adjustment. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (defendant has burden of showing that disputed factual information in the presentence report is unreliable or inaccurate).

Spry contends on appeal that he quickly cleared up the confusion about where the gun was found and where the shooting occurred, but the record does not bear out this assertion. Spry also claims that the district court's initial erroneous belief that Spry's positive drug tests indicated that he had been using illegal drugs was an important factor in the court's decision to deny him the adjustment. In fact, the court was careful to avoid any error of that kind. The court continued the sentencing hearing and asked that the presentence report be revised to avoid any confusion on that point before making its final ruling on acceptance of responsibility.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

u