**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Lorenzo ANDINO, Defendant–Appellant.**

No. 01–4016.

United States Court of Appeals, Tenth Circuit.

Oct. 2, 2001.

 832

Before ANDERSON and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jose Lorenzo Andino appeals from the district court's imposition of sentence following his plea of guilty to one count of violating 18 U.S.C. § 922(g), being a felon in possession of a firearm. We affirm.

Defendant argues that the district court erred in finding that he possessed a firearm in connection with a felony offense.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Consequently, defendant contends the court erroneously applied the four-level enhancement provided in the Sentencing Guidelines, U.S.S.G. § 2K2.1(b)(5).[1] Defendant notes that while he admits the drug transactions took place in the same house where the gun was found and admits he had possessed the gun for over a year prior to his arrest, he did not admit that he possessed it in connection with the drug transactions, the predicate felony crimes. He concludes that no nexus exists between the two facts and the four-level enhancement was not warranted.

■ We review the district court's factual findings in support of a sentencing enhancement for clear error. *United States v. Valdez–Arieta,* 127 F.3d 1267, 1270 (10th Cir.1997). "We review the district court's legal interpretation of the guidelines de novo," *United States v. Hargus,* 128 F.3d 1358, 1364 (10th Cir.1997), while giving "due regard to the opportunity of the district court to judge the credibility of the witnesses, . . . and . . . giv[ing] due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). "Sentencing determinations of relevant conduct and offense characteristics must be supported by a preponderance of the evidence." *United States v. Gomez–Arrellano,* 5 F.3d 464, 466 (10th Cir.1993).

■ Defendant admitted he possessed a firearm. Thus, the only issue is whether he possessed it "in connection with another felony offense." Section 2K2.1(b)(5). As "[h]andguns are widely recognized as a tool of the drug dealers trade[,] a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)."

*United States v. Bunner,* 134 F.3d 1000, 1006 (10th Cir.1998) (citations omitted).

■ Defendant contends the pre-sentence report contained only hearsay statements which were not supported by the evidence in the record. "Conclusions in the pre-sentence report unsupported by facts do not constitute a preponderance of the evidence." *United States v. Pantelakis,* 58 F.3d 567, 568 (10th Cir.1995). However, "[h]earsay statements need only contain minimal indicia of reliability to be used at sentencing." *United States v. Lopez,* 100 F.3d 113, 120 (10th Cir.1996). In this case, the record sufficiently corroborates the hearsay statements relied upon in the presentence report and provides the required minimal indicia of reliability.

■ Further, "[a]t sentencing, the district court may rely on facts stated in the presentence report unless the defendant has objected to them. When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Shinault,* 147 F.3d 1266, 1277–78 (10th Cir.1998) (citations omitted). Defendant did not object to the facts contained in the presentence report: (1) an undercover officer made three separate cocaine purchases from him at his residence and (2) during execution of the search warrant at his residence, cocaine and a handgun were seized. In fact, at sentencing, defendant, through counsel, admitted that the gun "was located in the same house where a drug transaction occurred. . . ." R. Vol. III at 6. Defendant asserted only that he "never outwardly displayed the firearm during a transaction nor exhibited behaviors or movements to suggest he utilized the firearm during drug transactions." *Id.* Vol. I, No. 22 at 4.

---

**1.** Section 2K2.1(b)(5) provides for four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."

Now, on appeal, defendant asserts that the government failed to prove by a preponderance of the evidence that he possessed the firearm in connection with the drug transaction because the presentence report did not address the physical proximity between the weapon and the drugs, did not contain any indication that drug transactions occurred inside the house, or any evidence regarding the layout and size of the house. He further asserts error because the search warrant was executed two weeks after the drug transaction took place.

As defendant admitted he possessed the gun prior to the drug transactions and the gun was found in his residence, the gun "had, at a minimum, the potential to facilitate the drug trafficking offense." *Bunner*, 134 F.3d at 1006; *see also United States v.. Martinez*, 258 F.3d 760, 761–62 (8th Cir.2001) (§ 2K2.1(b)(5) enhancement proper where drugs found in living room and hall closet and gun found on top of wooden chest in dining room); *United States v. Peterson*, 233 F.3d 101, 111 (1st Cir.2000) (holding firearm has been used "in connection with" offense if possession had potential to aid or facilitate other crime; "[w]e have not even required physical proximity between the firearms and the narcotics."); *see, e.g., United States v. Condren*, 18 F.3d 1190, 1191, 1200 (5th Cir.1994) (affirming enhancement where crack cocaine was found on top of a desk in the bedroom and loaded .22–caliber revolver was found in allegedly locked drawer in the desk).

Defendant stated he had purchased the gun because his stepson was a gang member and (1) the police had broken into his home and tried to kill the stepson, R. Vol. II at 17, and (2) he needed it to protect his family, *id.* at 18. While these statements were unrefuted, they are clearly self-serving. No evidence was presented which

tended to show defendant had good reason to fear for his or his family's safety. *See, e.g., Pantelakis,* 58 F.3d at 568.

■ Defendant argues that the fact that the drug transaction took place two weeks before execution of the warrant, counsels against the enhancement. Defendant did not raise this issue in his objections to the presentence report, nor has he shown plain error. Therefore, he has waived this argument. *See United States v. Ivy,* 83 F.3d 1266, 1297 (10th Cir.1996) (if defendant fails to object to presentence report, he waives right to challenge court's reliance on it, unless court's "decision to do so amounts to plain error"). In any event, we have noted that discovery of a gun twenty-four days after the last known drug activity was not too distant to permit enhancement. *See, e.g., United States v. Heckard,* 238 F.3d 1222, 1233 (10th Cir. 2001) (§ 2D1.1(b)(1) enhancement, concluding defendant had failed to show clear error due to time which elapsed between drug activity and discovery of the gun).

The judgment of the United States District Court for the District of Utah is AFFIRMED.