**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JULIAN RODRIGUEZ-HERRERA,

    Defendant-Appellant.

No. 03-2310

(D.C. No. CR-03-1683-RB)

(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **BALDOCK**, and **HARTZ**, Circuit Judges.[**]

    Law enforcement arrested Defendant Julian Rodriguez-Herrera in New Mexico on June 24, 2003. Defendant thereafter pled guilty to illegally re-entering the United States after deportation following a conviction for unlawfully transporting illegal aliens in the Northern District of Texas. 8 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

§ 1326(a)(1)-(2), (b)(2). The district court sentenced Defendant to forty-six months incarceration. Defendant appeals the district court's sixteen-level upward adjustment of his base offense level under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2L1.2(b)(1)(A) (2002).[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the district court's legal interpretation of the Guidelines *de novo* and factual findings for clear error, United States v. Vaziri, 164 F.3d 556, 568 (10th Cir. 1999), and affirm Defendant's sentence.[2]

## I.

The United States Probation Office prepared a presentence report (PSR) after Defendant pled guilty to violating § 1326(a), (b). According to the probation officer, the base offense level for illegal re-entry was eight pursuant to U.S.S.G. § 2L1.2(a). The probation officer also recommended a sixteen-level upward adjustment to Defendant's base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because Defendant's previous conviction in 1998 for unlawfully

---

[1] Unless otherwise noted, all citations to the Guidelines are to the 2002 Guidelines Manual.

[2] Defendant also raised a second issue, arguing a district court may not review the underlying facts of a prior conviction in illegal re-entry cases when the underlying statute is unambiguous. Defendant fully admits, however, that our holding in United States v. Manuel Martinez-Candejas, 347 F.3d 853 (10th Cir. 2003), forecloses his argument. Thus, we summarily reject Defendant's claim of error on this issue.

transporting aliens had been "for profit."

Defendant objected to the adjustment. Specifically, Defendant disputed the PSR's characterization of his 1998 alien smuggling conviction as having been "for profit." The probation officer, in an addendum to the PSR, explained the "for profit" characterization rested on a previous PSR prepared in the Northern District of Texas (1998 PSR). The addendum stated:

> The Court adopted the [1998] presentence report, [] which indicates on page 2 paragraph 5(c) of the offense conduct that the defendant along with the co-defendant's (sic) were in the process of transporting the load of aliens to Dallas, Texas. The fees for each alien upon delivery ranged from $600 to $850. The total amount of aliens that were being transported was seventeen. Pursuant to United States Sentencing Guidelines §2L1.1(b)(2)(A), a three level increase was applied.

At the sentencing hearing in this case, Defendant reiterated his objections to the sixteen-level adjustment. Defendant argued no evidence existed that proved he would have received pecuniary gain for smuggling aliens in 1998. Further, Defendant argued the information contained in the 1998 PSR was ambiguous and unreliable. The probation officer, however, explained:

> The offense conduct, itself, came out of the [1998] Presentence Report prepared by the Northern District of Texas. And attached to that Presentence Report was the Criminal Complaint, which indicated . . . this defendant was to be paid between $600 and $850 upon delivery of each alien. The second thing that stood out [was that] when . . . the Northern District applied [U.S.S.G. § 2L1.1], [it] applied a Level 12 on the Base Offense Level. And then, right after that, it says 'if the offense [] was committed *other than for profit*, decrease by three levels.' [The court] didn't decrease. . . . which is

3

telling us that it was for profit.

The district court overruled Defendant's objection. According to the court, the 1998 PSR provided the probation officer a reliable basis for his recommendations because: (1) the "for profit" language was specifically included in the 1998 PSR; (2) the Northern District of Texas "adopt[ed] the factual findings of the [1998] PSR as part of its sentencing"; and (3) the Texas district court's failure to decrease Defendant's offense level under U.S.S.G. § 2L1.1(b)(1) implied Defendant smuggled aliens for profit.

## II.

## A.

Generally, a district court may rely on facts in a PSR when making sentencing determinations unless the defendant objects. See United States v. Shinault, 147 F.3d 1266, 1277-78 (10th Cir. 1998). A defendant's "[f]ailure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." Id. (internal quotation and citation omitted). If a defendant objects to a fact in the PSR, however, the government must prove that fact by a preponderance of the evidence. Id. Conclusions in a PSR, unsupported by reliable facts, do not constitute a preponderance of the evidence. See United States v. Pantelakis, 58 F.3d 567, 568 (10th Cir. 1995).

"The Sentencing Guidelines do not set a high threshold of reliability."

4

United States v. Fennell, 65 F.3d 812, 813-14 (10th Cir. 1995).  District courts are free to consider any relevant information when sentencing if the information has a sufficient indicia of reliability.  See 18 U.S.C. § 3661; United States v. Padilla, 947 F.2d 893, 896 (10th Cir. 1991).  A district court may generally treat factual information contained within a PSR as reliable, but it cannot accept the PSR's conclusions if they lack any factual underpinning.  See United States v. Hershberger, 962 F.2d 1548, 1555 (10th Cir. 1992); United States v. Gomez-Arellano, 5 F.3d 464, 466 (10th Cir. 1993); see also Fennell, 65 F.3d at 813.

B.

The district court correctly adjusted Defendant's base offense level upward sixteen-levels in this case.  Section 2L1.2(b)(1)(A)(vii) provides for a sixteen-level upward adjustment "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . an alien smuggling offense committed for profit."[3]  "For profit" is defined as "committed for payment or expectation of payment."  U.S.S.G. § 2L1.2(b)(1)(A) comment n.1(B)(i).  Here, Defendant's 1998 PSR indicated Defendant smuggled aliens for an expected profit of $600 to $850 per alien.

---

[3] The Sentencing Commission revised the Guidelines in November 2003 to eliminate the distinction between alien smuggling "for profit" and alien smuggling for other reasons.  Accordingly, *any* prior conviction for alien smuggling now warrants a sixteen-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(vii) (2003).

The district court properly relied upon the 1998 PSR as a reliable source of information. See United States v. Brown, 52 F.3d 415, 424-25 (2d Cir. 1995) (holding the district court had "justifiable confidence" in the reliability of a previous PSR because a probation officer had prepared the PSR and the prior court adopted the PSR). Here, a probation officer prepared the 1998 PSR and probation officers may generally be considered a reliable source. Hershberger, 962 F.2d at 1555. Further, a district court in the Northern District of Texas adopted, without objection, the findings of the 1998 PSR in making its sentencing determinations. See Shinault, 147 F.3d at 1278 (noting the "[f]ailure to object to a fact in a presentence report . . . acts as an admission of fact"). Thus, reliable evidence in the 1998 PSR showed Defendant had previously expected to receive payment for alien smuggling. He therefore smuggled "for profit" under the Guidelines.[4]

The district court properly based its sentencing determination on facts having a "sufficient indicia of reliability." Accordingly, the district court

---

[4] Moreover, the district court did not err when it stated the absence of an offense level decrease under U.S.S.G. § 2L1.1(b)(1) in the 1998 PSR was probative of whether Defendant smuggled aliens for profit. The Guidelines specifically provide for a three-level decrease if "the offense was committed *other than for profit*." Id. (emphasis added). Defendant's 1998 PSR, however, did not apply this provision and instead skipped over the provision entirely. Although not dispositive, the absence of the three-level decrease certainly provides some indication that Defendant may not have qualified for the "other than for profit" exception under the Guidelines during his 1998 sentencing.

6

correctly applied U.S.S.G. § 2L1.2(b)(1)(A).

AFFIRMED.

<div style="margin-left: 45%;">

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

</div>